UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUWAN KELLER,

                          Plaintiff,

        -against-

VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD SECURITY GUARD WILLIAMS
PIERRE, VILLAGE OF HEMPSTEAD
POLICE OFFICER JOHN DOES #1-5
(fictitiously named), VILLAGE OF HEMPSTEAD
POLICE DETECTIVE COLEMAN, SHIELD #18,
COUNTY OF NASSAU, COUNTY OF NASSAU
DEPUTY COUNTY ATTORNEY JOANNE
CURRAN,

                          Defendants.

------------------------------------------------------------X

<u>MEMORANDUM AND ORDER</u>

CV 13-3670

(Wexler, J.)

APPEARANCES:

       HARFENIST KRAUT & PERLSTEIN, LLP
       BY:   CHARLES H. HORN, ESQ.
       Attorneys for Plaintiff
       3000 Marcus Avenue, 2nd Floor East
       Lake Success, New York 11042

       HARRIS BEACH PLLC
       BY:   KEITH CORBETT, ESQ.
               KADION D. HENRY, ESQ.
       Attorneys for Village of Hempstead, Village of Hempstead Police Officer John Does #1-
       5, Village of Hempstead Police Detective Coleman, Shield #18
       333 Earle Ovington Boulevard, Suite 901
       Uniondale, New York 11553

THE SCHER LAW FIRM, LLP
BY: AUSTIN R. GRAFF, ESQ.
Attorneys for Defendant Willems Pierre
One Old Country Road, Suite 385
Carle Place, New York 11514

JOHN CIAMPOLI, NASSAU COUNTY ATTORNEY
BY: PABLO A. FERNANDEZ, ESQ., Deputy County Attorney
One West Street
Mineola, New York 11501

WEXLER, District Judge:

This case arises out of an altercation between a group of students and a security guard at Hempstead High School, which led to the subsequent arrest and prosecution of the Plaintiff, Juwan Keller ("Keller" or "Plaintiff"). Plaintiff thereafter commenced the within civil rights action, pursuant to 42 U.S.C. § 1983, against the following Defendants: (1) the Village of Hempstead (the "Village"), Village of Hempstead Police Officer John Does #1-5, Police Detective Coleman, Shield #18 (collectively, the "Village Defendants"); (2) Village of Hempstead Security Guard Willems Pierre, incorrectly sued herein as "Williams Pierre" ("Pierre"); and (3) the County of Nassau (the "County") and County of Nassau Deputy County Attorney Joanne Curran ("Curran") (collectively referred to as the "County Defendants"). Both Pierre and the County Defendants now move to dismiss Plaintiff's Complaint, as well as the cross-claims brought against them by the Village Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Pierre's and the County Defendants' motions are granted in their entirety.

BACKGROUND

On September 24, 2012, Defendant Pierre was involved in a physical altercation with students from Hempstead High School. (Compl. ¶ 13.) Following the altercation, Pierre filed a complaint with the Village of Hempstead Police Department, requesting the arrest of Plaintiff, amongst others. (Compl. ¶ 14.)

Plaintiff was arrested and placed into custody by the Village Police Department. (Compl. ¶ 33.) Upon his arrest, a search of Plaintiff's person as well as an interrogation were conducted. (Compl. ¶ 35-36.)

A criminal action, as well as a family court juvenile delinquency proceeding, were subsequently initiated against Plaintiff, charging him with assault, attempted assault and criminal possession of a weapon. (Compl. ¶¶ 22, 29-30.) Plaintiff's criminal action terminated in his favor when all charges were dismissed in their entirety on December 28, 2012. (Compl. ¶ 38.)

Plaintiff commenced the within action on June 28, 2013, alleging four causes of action pursuant to 42 U.S.C. § 1983: (1) false arrest; (2) excessive force; (3) denial of his equal protection rights; and (4) malicious prosecution.[1] Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights in that Pierre knowingly filed a false complaint with the Village Police Department, which the Village Defendants knew to be false, and that the arrest, detention and prosecution of Plaintiff were motivated by his race. (Compl. ¶¶ 15-18.)

---

[1] The Court notes that the only claim alleged in Plaintiff's Complaint against the County Defendants is for malicious prosecution. Moreover, while Pierre is named in the Complaint in all four causes of action, the Plaintiff expressly states in his Memorandum of Law in Opposition to Pierre's Motion to Dismiss that "[o]f the four causes of action, only the fourth count for malicious prosecution seeks relief against Pierre." (Pl. Mem. of Law in Opp'n to Pierre's Mot. to Dismiss 2.) Accordingly, the Court finds that Plaintiff has abandoned all but his malicious prosecution claim against Pierre.

The Village Defendants filed an Answer to Plaintiff's Complaint on July 15, 2013, asserting cross-claims against Pierre and the County Defendants for contribution and indemnification. The County Defendants and Pierre now move to dismiss both the Plaintiff's Complaint and the Village Defendants' cross-claims.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting

Twombly, 555 U.S. at 557).

II. <u>Malicious Prosecution</u>

"A malicious prosecution claim under Section 1983 is governed by state law." See Anderson v. County of Nassau, 297 F. Supp. 2d 540, 546 (E.D.N.Y. 2004) (citing Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)) (additional citation omitted). To succeed on a malicious prosecution claim under Section 1983, a plaintiff must demonstrate the following: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice. Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009).

A. <u>The County Defendants</u>

In support of their motion to dismiss, the County Defendants assert that they are entitled to absolute immunity from Plaintiff's malicious prosecution claim. It is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983.'" Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)). To establish absolute prosecutorial immunity, the prosecutor has the burden of proving that "they were functioning as 'advocates' when they engaged in the challenged conduct." Warney v. Monroe County, 587 F.3d 113, 121 (2d Cir. 2009) (quoting Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996)). "[P]rosecutors are absolutely immune . . . for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that

conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478 (1991) (quoting Imbler, 424 U.S. at 430-31).

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Warney, 587 F.3d at 121 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). "When a prosecutor is engaged in administrative or investigative activities, he is entitled only to qualified immunity . . . ." Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) (quoting Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir.1990)) (additional citations omitted).

Plaintiff argues that a determination of absolute immunity at this juncture is "at best premature," (Pl. Mem. of Law in Opp'n to County Def. Mot. to Dismiss 1), and that "the use of the absolute immunity defense in a motion directed to the legal sufficiency of the Complaint is improper and cannot serve as a basis to dismiss the Complaint." (Id. 8.) According to Plaintiff, the County Defendants are "asking the Court to make a summary judgment determination as to the activities of Curran at the pleading stage and before [Plaintiff] has had an opportunity to conduct discovery, which may yield evidence that Curran did not engage in protected activities." (Id. 7.)

Contrary to Plaintiff's assertions, courts may indeed consider absolute immunity on a motion to dismiss "when facts establishing the defense appear directly in the complaint." Deronette v. City of New York, No. 05CV5275, 2007 U.S. Dist. LEXIS 21766, at *12 (citing Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995)) (additional citation omitted). In fact, "district courts are encouraged to determine the availability of an absolute immunity defense at

the earliest appropriate stage, and preferably before discovery," Deronette, 2007 U.S. Dist. LEXIS 21766, at *12 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)) (additional citation omitted), since "[a]n absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler, 424 U.S. at 419 n.13.

Here, Plaintiff's Complaint contains nothing more than conclusory allegations of malicious prosecution, namely that Defendants initiated a criminal action against Plaintiff without probable cause and with malice and that the prosecution of Plaintiff was continued after exonerating evidence was known or should have been known to Defendants. (Compl. ¶¶ 22-25.) There is not one specific allegation in the Complaint with respect to Curran or her activities in relation to Plaintiff's criminal prosecution. Rather, Plaintiff's allegations of malicious prosecution are directed to "Defendants" in general.

Accordingly, there is nothing alleged in the Complaint to suggest that Curran acted beyond the scope of her duties in initiating and continuing Plaintiff's prosecution. Therefore, Curran is entitled to absolute immunity and Plaintiff's claims against her are dismissed.

With respect to the County, "[s]ince 'municipalities do not enjoy immunity from suit - either absolute or qualified - under § 1983,' [Plaintiff's] malicious prosecution claim against the County of [Nassau] is not barred by prosecutorial immunity." Pinaud v. County of Suffolk, 52 F.3d 1139, 1153 (2d Cir. 1995) (quoting Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S. Ct. 1160, 1162 (1993)). However, the County is "not a proper defendant on [P]laintiff's § 1983 claim[] for . . . malicious prosecution." Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010). Under the Supreme Court's holding in Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipal government, such as

Nassau County, may be sued only for illegal or unconstitutional policies, not for the alleged illegal acts of its employees. See id. at 691; see also Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991) (stating that in order to hold a municipality liable under 42 U.S.C. § 1983, a plaintiff "must show that the violation of his constitutional rights resulted from a municipal custom or policy").

Plaintiff has expressly stated that he is not pursuing a Monell claim against the County and that his only claim against the County is for malicious prosecution. (Pl. Mem. of Law in Opp'n to County Def. Mot. to Dismiss.) Based on the foregoing, Plaintiff's malicious prosecution claim against the County fails as a matter of law.

Accordingly, the County Defendants' motion is granted and all of Plaintiff's claims against them are dismissed.

B. Defendant Pierre

In support of his motion to dismiss, Pierre argues that he is not a state actor and therefore, cannot be held liable under Section 1983. In order to state a claim under Section 1983, a plaintiff must demonstrate that the defendant was either a state actor, or a private individual or entity who acted "under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). "[A] private actor acts under color of state law when the private actor 'is a wilful participant in joint activity with the State or it agents.'" Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).

"Mere employment by a state or a municipality does not automatically mean that a

defendant's actions are taken under the color of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (citing Polk v. County of Dodson, 454 U.S. 312, 319-20 (1981)). "Rather, a government employee is only a state actor for Section 1983 purposes when his actions are taken under the 'pretense' of law." Marino v. Jonke, Nos. 11 CV 430, 11 CV 4425, 2012 WL 1871623, at *6 (S.D.N.Y. Mar. 30, 2012) (quoting Screws v. United States, 325 U.S. 91, 111 (1945)). "Actions taken in an individual's 'personal pursuits' are excluded from state actions and do not give rise to liability under Section 1983." Marino, 2012 WL 1871623, at *6 (citations omitted).

It is undisputed that Defendant Pierre is employed as a security guard by the Hempstead Union Free School District, which is undoubtedly a municipal entity. However, it is unclear from the Complaint whether Pierre was acting under color of state law when he filed a criminal complaint naming Plaintiff as one of the individuals with whom he engaged in a physical altercation. "Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law." Marino, 2012 WL 1871623, at *6 (citing West v. Atkins, 487 U.S. 42, 50 (1988). Here, the Complaint simply alleges that, following the physical altercation in which Pierre was personally involved, he filed a false complaint with the Hempstead Police Department, requesting the arrest of Plaintiff and others. (Compl. ¶¶ 14-15.) There is nothing in the Complaint, as currently alleged, from which the Court could infer that Pierre was acting in his official capacity as a public employee when he filed the criminal complaint against Plaintiff.

Nor are there any allegations that Pierre "acted in concert with [a] state actor to commit an unconstitutional act." Betts v. Shearman, No. 13-619-cv, __ F.3d __, 2014 WL 1717091, at

*5 (2d Cir. May 2, 2014) (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). Rather, the facts, as alleged, seem to imply that Pierre was acting as a private citizen reporting a crime committed against him when he provided information concerning Plaintiff to the police. "Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983." Betts, 2014 WL 1717091, at *5 (quoting Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999)).

Here, Plaintiff attempts to paint Pierre as a state actor simply based on his employment by a school district. (Compl. ¶ 3.) As stated above, however, "a person is not automatically a state actor under Section 1983 simply because he is a government employee." Marino, 2102 WL 181623, at *6 (citing United States v. Giordano, 442 F.3d 30, 43 (2d Cir. 2006)). In an attempt to save the claim, Plaintiff argues in his memorandum of law in opposition to Pierre's motion to dismiss that "[a]t this stage in the litigation, without the benefit of a scrape [sic] of discovery having been conducted," a determination of whether Pierre is a state actor is "at best, premature." (Pl. Mem. of Law in Opp'n to Pierre's Mot. to Dismiss 5.) Plaintiff goes on to argue that Pierre's "role in effectuating the arrest and his assistance in the investigation of the arrest is unknown to the plaintiff at this time and will not be known until the plaintiff is permitted to conduct discovery regarding same." (Id.)

Plaintiff's assertions notwithstanding, the law is clear that only a complaint that "states a plausible claim for relief" will survive a motion to dismiss. Iqbal, 129 S. Ct. at 1950. Plaintiff's Complaint with respect to Defendant Pierre fails to meet this standard. Although Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-

technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id.

Accordingly, Pierre's motion is granted and all claims asserted against him by Plaintiff are dismissed. However, as set forth below, Plaintiff is granted leave to replead with respect to Pierre.

III. The Village's Cross-Claims

"Under New York law, dismissal of a plaintiff's claim against a defendant 'necessarily defeats the cross claims for indemnification and contribution asserted" against that defendant." Perkins v. Am. Transit Ins. Co., No. 10 Civ. 5655, 2013 U.S. Dist. LEXIS 6703, at *60 (S.D.N.Y. Jan. 14, 2013) (quoting Stone v. Williams, 64 N.Y.2d 639, 642 (1984)) (additional citation omitted). Accordingly, since the claims against the County Defendants are dismissed, and thus they are not liable to Plaintiff, the cross-claims for indemnification and contribution asserted by the Village Defendants must be dismissed as well.

With respect to Pierre, although not set forth in their Answer, the Village Defendants appear to base their claims for contribution and indemnification on Section 1983. (Village Def. Mem. of Law in Opp'n to Pierre's Mot. to Dismiss 6.) However, the law is clear that "[n] right to contribution exists under § 1983. Nor is there a federal right of indemnification under the statute." Castro v. County of Nassau, 739 F. Supp. 2d 153, 184 (E.D.N.Y. 2010) (citations omitted). "Courts in this Circuit have also consistently held that a defendant cannot incorporate state law claims for contribution or indemnification under § 1983 pursuant to 42 U.S.C. § 1988." Lienau v. Garcia, No. 12-CV-6572, 2013 U.S. Dist. LEXIS 178415, at *30 (S.D.N.Y. Dec. 19,

2013) (collecting cases). Accordingly, the Village Defendants' cross-claims against Pierre fail as a matter of law and are dismissed.

IV. Leave to Replead

In his opposition to the within motions, Plaintiff requests leave to file an amended complaint to redress any deficiencies in the Complaint found by the Court. While generally, leave to amend should be freely given, see Fed. R. Civ. P. 15(a), the Court may deny leave to replead where amendment would be futile. See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006).

The Court finds that no changes to the Complaint would permit Plaintiff's case to go forward with respect to the County Defendants. The law is clear that Curran is entitled to absolute immunity and that the County is not a proper party to this action. Accordingly, Plaintiff's request for leave to replead with respect to the County Defendants is denied.

Plaintiff is however, permitted to amend his Complaint with respect to Pierre. As set forth above, Pierre is a municipal employee. Accordingly, if Pierre's filing of a criminal complaint against Plaintiff was done in his official capacity as a security guard for Hempstead High School, he may be liable under Section 1983. Plaintiff is granted leave to replead to set forth facts establishing that Pierre is a state actor for purposes of Section 1983.

CONCLUSION

For the foregoing reasons, the County Defendants' motion to dismiss the Plaintiff's Complaint is granted and all claims against them are dismissed with prejudice. Defendant

Pierre's motion to dismiss the Plaintiff's Complaint is also granted and all claims against him are dismissed. However, this dismissal is without prejudice as Plaintiff is granted leave to replead with respect to Defendant Pierre.

The Village Defendants' cross-claims for contribution and indemnification asserted against the County Defendants and Defendant Pierre are dismissed with prejudice.

The Clerk of the Court is directed to terminate the County of Nassau and County of Nassau Deputy County Attorney Joanne Curran as defendants in this action.

**SO ORDERED:**

Dated: Central Islip, New York
June 12, 2014

s/ Leonard D. Wexler

LEONARD D. WEXLER
United States Magistrate Judge